388 P.2d 752

SPRINGER PRODUCTION CREDIT ASSO-CIATION, a corporation, Plaintiff-Appellee,

v.

Cordell WALL and Geraldine Wall, his wife, Defendants-Appellants.

No. 7303.

Supreme Court of New Mexico.

Dec. 9, 1963.

Jack Smith, Edwin E. Piper, Jr., Albuquerque, for appellants.

Henery E. Blattman, Las Vegas, Robert S. Skinner, Raton, for appellee.

COMPTON, Chief Justice.

This appeal is taken from a judgment awarding the plaintiff various sums of money found to be due and owing on promissory notes executed by defendants and secured by a chattel mortgage on livestock, the amount paid for a premium at the request of the defendants on a life insurance policy of one of defendants, given as additional security, and for attorneys' fees. The defendants being in default on the notes, as well as having failed to comply with certain conditions of the chattel mortgage, the plaintiff, pursuant to the terms of the mortgage, took possession of the livestock described therein and sold them at

public auction. The net proceeds were insufficient to discharge the alleged indebtedness and this action was brought to recover the deficiency.

The defendants admitted the execution of the notes but denied all other material allegations of the complaint, alleging affirmatively that the taking was contrary to the terms of the chattel mortgage and to the terms of the agreement and of the custom and practice of doing business between the parties. By counterclaim they sought damages, first, for the alleged unlawful seizure and conversion of the livestock and, second, damages for injury to defendants' business reputation and credit as a result of the alleged unlawful acts. The cause was tried to the court which dismissed the counterclaim and entered judgment for the plaintiff, and this appeal followed.

The trial court, in substance, found that the appellants defaulted in the payment of their notes and in various conditions of the chattel mortgage; that demand was made on them with respect to these defaults but that appellants failed to comply with these demands; that plaintiff took possession of and sold the livestock in accordance with the terms of the chattel mortgage; that the sale was fair and that appellee was entitled to recover the deficiency. The court also found that the appellants had failed to establish the material allegations of their counterclaim.

We glean from the evidence that on December 22, 1958, for value received, the appellants executed and delivered a promissory note to appellee in the principal sum of $41,180.00, due and payable on December 22, 1959. The appellants being unable to pay on the due date, appellee in writing extended the note to November 1, 1960, it being then agreed that appellants would liquidate the indebtedness on that date, but this they failed to do. Later, on November 14, 1960, and June 8, 1961, two payments were made by the appellants and accepted by appellee, the last of which being in the amount of $10,500.00.

The chattel mortgage, given as security for the above note, also covered all additional advances, either by its own terms or by subsequent agreement of the parties. Subsequent to the initial transaction, and between April 6, 1959 and February 11, 1961, appellee, on five occasions, advanced appellants additional funds for which five promissory notes were executed, a total principal amount of $9,321.00. All of the monies advanced were for feed, pasture and other operating expenses in appellants' livestock business. With the exception of the last note which was not due until April 1, 1961, the notes were either due on, or their maturity dates extended to, November 1, 1960. Appellants admit they agreed to pay the entire indebtedness by November 1, 1960. On June 27, 1961, some 19 days after the last payment, appellee took possession

of the livestock and sold them at public auction on July 13, 1961. After applying the net proceeds of the sale to the indebtedness, there remained a sizable deficiency for the recovery of which this action was taken.

■ The appellants take the position that if any defaults existed, which they deny, that the appellee, by its specific agreement and conduct, waived the defaults and its right to possession and sale under the terms of the mortgage. This position is not supported by the record. The evidence is clear that from November 1, 1960 and up to the time of taking possession of the cattle the appellee orally and in writing insisted that appellants get the cattle in condition in order to sell them, liquidate the loan and, to this end, it made the last advancement of funds as previously mentioned.

■ Appellants contend further that no demand was made on them for payment subsequent to 'November 1, 1960, predicating their right to a demand on that portion of the mortgage which provides:

" * * * or if at any time the security for the payment of said indebtedness shall become impaired or inadequate, or shall become unsatisfactory to the Mortgagee, * * * or if the Mortgagee, * * * shall feel unsafe or insecure, and the Mortgagor shall not *on* *demand* furnish such further security or make such payments on account as shall be satisfactory to the Mortgagee, * * *." (Emphasis ours.)

The contention is without merit. We think it is apparent that the demand required by this clause is one commonly referred to as an "insecurity clause," and refers only to a demand when the security is deemed to be in jeopardy. In this situation the right to possession may be exercised in advance of the maturity of the debt upon failure to furnish, on demand, additional security or payments. This was the view taken in Kitchen v. Schuster, 14 N.M. 164, 89 P. 261. The appellants have furnished us no authority to the contrary, nor are we aware of any.

We have examined the mortgage and it expressly confers upon the mortgagee the right to possess and sell the security either upon default in payment or upon a breach of any of its conditions, with or without notice.

However, if there was necessity for a demand, we find substantial support in the evidence to sustain the finding of the court that on several occasions subsequent to November 1, 1960 and prior to the date of the taking, and as late as May 1, 1961, demands were made upon the appellants. For instance, Mr. Powell, a field man for appellee for 16 years, part of whose duties were to check and report to appellee on the location, care and condition of cattle, testified as to a conversation he had with the

appellant, Cordell Wall, the week preceding the taking of the cattle, as follows:

> "I talked to Cordell Wall on the telephone Saturday night June 17, and I warned him that the Association was getting ready to start the foreclosure on his loan. I told him I thought he should make an effort to straighten it up and he stated that he would not do a damn thing."

On cross-examination, Wall testified that he could have made this statement. In response to the question as to what he actually did say, he replied that he told Powell, "Let them go ahead and take it." This admitted conversation, when considered with the evidence of the indebtedness due and owing, the condition of the cattle, and the various demands made on the appellants, can only lead to the correctness of the court's findings.

The appellants contend that the court committed error in denying their requested finding number 14 to the effect that their business reputation and credit had been damaged as a result of the unlawful and wrongful conversion by appellee. With respect to this contention, the court specifically found, finding number 33, that their business reputation and credit had not been damaged by the acts of the appellee. We find substantial support for this finding, and it was not error to deny the requested finding to the contrary.

No direct attack was made by appellants on the findings of the court as to the other amounts included in the judgment. Therefore, they are not before us for review. Supreme Court Rule 15(6), (§ 21–2–1(15) (6), N.M.S.A.1953).

We conclude that the findings of the court are supported by substantial evidence and the judgment should be affirmed. It is so ordered.

CARMODY and NOBLE, JJ., concur.